UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LITTLETON EMMETT JACKSON,

Plaintiff,

v. Case No. 26-cv-1312-pp

SGT. RETZLAFF, *et al.*,

Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

Plaintiff Littleton Emmett Jackson, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On August 17, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $5.70. Dkt. No. 6. The court received that fee on September

11, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has sued Sgt. Retzlaff, Lt. Lanoy, Van de Veld, Officer Yang and Sgt. Gomm. Dkt. No. 1 at 1-2. He alleges that beginning on November 13, 2020, Yang and Gomm retaliated against him by not providing him linens and blankets. Id. at 3. He states that "the retaliation continued with the denial of sheets, blankets, socks, pants, shirts, underwear, pillowcases, face rags, dry towels, electricity, hot water forcing [him] to go three weeks, two months, three months at a time, wearing musty, dirty, stained, smelly, smelly clothing that caused [him] to get ringworms and sores on his skin, etc." Id. The plaintiff says that he had to move about the institution in dirty clothing and that he was shunned, threatened and attacked due to his smell and appearance. Id. Lanoy and Retzlaff allegedly refused to get the plaintiff clean clothing. Id.

The plaintiff alleges that this occurred from November 2020 through January or February 2025. Id. at 3-4. Yang and Gomm allegedly "only denied [the plaintiff] clothing November 2020 and from 2022 to the first or second month of 2025[.]" Id. at 4. He states that Lanoy and Retzlaff refused to give him clothing, sheets and blankets on time even when he asked for them. Id.

The plaintiff seeks damages for pain, suffering, mental anguish and emotional distress. Id. at 5.

C. Analysis

To establish a constitutional violation with respect to prison living conditions, an incarcerated individual must be able to demonstrate that both: (1) the conditions were so adverse that they deprived him "of the minimal civilized measure of life's necessities" (the claim's objective prong) and (2) the defendant acted with deliberate indifference with respect to the conditions (the claim's subjective prong). Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (quoting Farmer v. Brennan, 511 U.S. 832, 834 (1994)). The necessities of life include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." Gray v. Hardy, 826 F.3d 1000, 1005 (7th Cir. 2016) (quoting Lewis v. Lane, 816 F.2d 1165, 1171 (7th Cir. 1987)).

The plaintiff alleges that the defendants denied him clean clothes, linens, blankets and towels for several years resulting in ringworms and other skin conditions as well as the plaintiff being shunned and even attacked by other incarcerated individuals. The plaintiff may proceed on an Eighth Amendment claim against Retzlaff, Lanoy, Yang and Gomm in their individual capacities based on these allegations.

The plaintiff also alleges that the defendants denied him clean clothes and other items out of retaliation. To plead a retaliation claim, the plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015) (quoting Bridges v. Gilbert, 557

F.3d 541, 546 (7th Cir. 2009)). The plaintiff has not alleged that he engaged in any First Amendment protected activity, so he has not stated a retaliation claim.

The complaint does not contain any allegations against defendant Van de Veld. The court will dismiss Van de Veld.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendant Van de Veld.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Sgt. Retzlaff, Lt. Lanoy, Officer Yang and Sgt. Gomm. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$344.30** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 6th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**